MANDATE



# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-four.

PRESENT:

DENNY CHIN,
RICHARD J. SULLIVAN,
BETH ROBINSON,
*Circuit Judges.*

---

OWEN MARLON ALEXANDER,

*Plaintiff-Appellant,*

v. No. 23-7565

ANDREEA GLEESON, TUNECORE INC., DEVON ROACH, PADLOCK RECORDS, DR. PHILLIP NICHOLS, FACEBOOK, INSTAGRAM, WHATS APP, YOUTUBE, ARIEL VARGAS, MOLLY WASOW PARKS, NEW ROCK CITY, DEPARTMENT OF HOMELESS SERVICES, OFFICE OF THE OMBUDSMAN, LYMARIS ALBORS, JASMILKA GONZALEZ, HAMMOND JOHN,

MANDATE ISSUED ON 11/01/2024

RENAIYA THOMAS, CLARA GARCIA, ACACIA NETWORK SUPER 8, BRENDA ROSEN, THOMAS WASHINGTON, AARON R MCBRYAR, ANA FISHER, DAVE BEER, FELICESADE BRANDT, DAVIDSON HEADLEY, BREAKING GROUND/ HEGEMAN AVENUE HOUSING LIMITED PARTNERSHIP, KEISHA ASHMAN, ROY A. BECOAT, JETTE JOHNSON, LUNA MALACHOWSKI BAJAK, ALYSSA WRINKLE, KRYSTLE BARKLEY, JOSHUA FLINK, SAMUEL BARTON, CAMILLE REYES, CENTER FOR URBAN COMMUNITY SERVICES (CUCS), KELLNER, HERLIHY, GETTY & FRIEDMAN, LLP, CITY OF NEW YORK POLICE DEPARTMENT/ 73 PRECINCT, P.O. ANGEL RODRIGUEZ, DR. MARTIN BRENNAN, DR. ROBERT GREEN, LYNN VAIRO, ROBERT O. STRANDER, NATASHA PAYSON, PROGRAM DEVELOPMENT SERVICES INC., CHRISTOPHER WRAY, FEDERAL BUREAU OF INVESTIGATION, MICHAEL WEISBERG, CHERY J. GONZALES, DEBRA KAPLAN, BRIAN M. COGAN, MONIQUE GUIDRY, KATHY HOCHUL, ARCHBISHOP CHRISTOPHE PIERRE, APOSTOLIC NUNCIO & THE ROMAN CATHOLIC CHURCH,

*Defendants-Appellees.*[*]

---

**For Plaintiff-Appellant:** OWEN MARLON ALEXANDER, *pro se*, New York, NY.

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 6, 2023 judgment of the district court is **AFFIRMED**.

Appellant Owen Marlon Alexander, proceeding *pro se* (that is, representing himself), appeals from a judgment of the district court dismissing his claims against various defendants, including several non-profit housing organizations and their employees, the Roman Catholic Church, the Governor of New York, and the internet platforms Facebook and YouTube. He alleges that "organized corruption within the judicial branch of government, the entertainment industry, housing industry, [and] the mental and . . . medical health industry" caused him to be illegally evicted from his low-income housing unit and prevented him from using an online music streaming platform, among other asserted harms. Dist. Ct. Doc. No. 6 ("Am. Compl.") at 3; *see, e.g.*, *id.* at 15–17, 25–27, 30–31. After dismissing Alexander's original complaint with leave to amend, the district court dismissed the amended complaint as frivolous

under 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review a district court's dismissal under 28 U.S.C. § 1915(e)(2) without deference. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). That statute says that if a plaintiff files a lawsuit and has the required filing fee waived, the district court may screen and dismiss the complaint if it finds that the lawsuit "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). We "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

At the outset, we note that Alexander's appellate brief does not meaningfully address the district court's determination that his amended complaint was frivolous. While "we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself [must] set out identifiable arguments in his principal brief." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (internal quotation marks omitted). Alexander

has not done so here. Instead, he principally repeats the allegations made in his amended complaint and asserts only in passing that the district court erroneously based its decision on "outdated" information in his previously filed complaint, Alexander Br. at 11, 36 – an argument we find unpersuasive, since the dismissal order makes clear that the district court considered the amended (and operative) complaint in this action, *see* Alexander App'x at 17–18. By merely pointing to his prior factual assertions, Alexander has forfeited appellate review of the district court's dismissal order. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (concluding that a *pro se* litigant forfeited his challenge because he only mentioned the district court's ruling "obliquely and in passing").

In any event, even after reviewing anew Alexander's amended complaint, we agree with the district court that his pleading is frivolous, or at the very least does not state any viable legal claim upon which relief could be granted. An action is "frivolous" when the factual allegations are "clearly baseless" (that is, "fanciful" or "delusional"), or when the claims asserted are based on indisputably invalid legal theories. *Neitzke v. Williams*, 490 U.S. 319, 325, 328

(1989); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). And even if not frivolous, a complaint must still include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Alexander's amended complaint recounts a long series of incidents that appear unrelated. While he cites some statutes throughout his complaint, he does not describe legally recognized grounds for suing anyone. Certain allegations do not make sense or defy belief, rendering them factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). And many other allegations are not connected to any legal theory with an "arguable basis in law." *Livingston*, 141 F.3d at 437. Alexander alleges, for example, that the New York state judges in his eviction proceedings "collaborated" with his landlord and its attorneys to falsify evidence, "hack[]" his computer and cell phone, and "manipulate [him] into thinking he had a mental health issue." Am. Compl. at 31. Elsewhere, he alleges that various individuals – including the Director of the Federal Bureau of Investigation, the Governor of New York, and a Roman Catholic archbishop – either failed to respond to his complaints about his landlord or indicated that they could not assist him with his housing issues. *See id.* at 29–31. The first set

of allegations are not plausible, and the second set of allegations, even if true, do not support any plausible claim for legal relief from a court.

Alexander's more developed allegations – for example, those made against Acacia Network, TuneCore, and their respective employees – likewise fall short. The amended complaint alleges that employees of Acacia Network, a non-profit organization operating the shelter where Alexander resided, bullied him, failed to help him with his public assistance case, and denied his requests for a reasonable accommodation. But these vague and conclusory allegations regarding his negative interactions with the shelter's staff do not give rise to a plausible claim for relief. For example, they do not support a cause of action under the Americans with Disabilities Act or related federal anti-discrimination statutes, as Alexander does not allege a disability or that Acacia Network failed to accommodate or otherwise discriminated against him on the basis of such disability. *See McElwee v. County of Orange*, 700 F.3d 635, 640–41 (2d Cir. 2012). Similarly, we discern no viable legal claim arising from Alexander's allegations that he experienced technical difficulties while using TuneCore's online music streaming services. *See, e.g.*, *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (discussing elements of copyright-infringement claim); *Orlander v. Staples,*

*Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (discussing elements of New York breach-of-contract claim).

In short, even generously construed, the amended complaint lacks an arguable basis in law or fact, *see Neitzke*, 490 U.S. at 325, or otherwise does not state a plausible claim for relief, *see Twombly*, 550 U.S. at 570. The district court therefore did not err in dismissing Alexander's action.

We have considered Alexander's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit